# UNITED STATES DISTRICT COURT
# NOTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DEREK WAYNE MOORE, on behalf of himself and all others similarly situated,** 170 Louis St. Zavalla, Texas 75980 | CASE NO. 1:12-CV-792 |
| Plaintiff, | JUDGE |
| vs. | |
| **FIRST ADVANTAGE ENTERPRISE SCREENING CORPORATION, a Delaware Corporation** 2711 Centerville Road, Suite 400 Wilmington, Delaware 19808 and **FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida Corporation** 100 Carillon Parkway St. Petersburg, Florida 33176 | |
| Defendants. | |

## CLASS ACTION COMPLAINT

### (Jury Trial Demanded)

PRELIMINARY STATEMENT

1. This is a consumer class action based upon Defendants First Advantage Enterprise Screening Corporation and First Advantage Background Services Corp.'s ("Defendants") willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Plaintiff Derek W. Moore ("Moore") brings this action on behalf of thousands of

employment applicants throughout the country who have been the subject of prejudicial, misleading, and inaccurate background reports performed by Defendants and sold to employers. This prejudice is exacerbated by: (1) the Defendants' failure to notify applicants contemporaneously when adverse criminal record information is provided to an employer, (2) Defendants' failure to maintain strict procedures to insure that when report public record information likely to have an adverse effect on the consumer's ability to obtain employment is reported, that the information is complete and up to date, and (3) Defendants' failure to utilize reasonable procedures to ensure the maximum possible accuracy of the information it sells to employers.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(c) as Defendants conduct business in this District.

## PARTIES

4. Moore is and has been a resident of Zavalla, Texas during all periods relative to this Complaint and is a consumer as defined by 15 U.S.C. § 1681a.

5. First Advantage Background Services Corp. is a Florida corporation and is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a.

6. First Advantage Enterprise Screening Corporation is a Delaware corporation and is a CRA as defined by 15 U.S.C. § 1681a.

## FACTUAL ALLEGATIONS

7. Among other things, the FCRA regulates the collection, maintenance, and

disclosure of public record information by CRAs for employment purposes.

8. As CRAs, Defendants maintain consumer files which contain public record information concerning, among other things, the criminal record history of millions of individuals throughout the United States.

9. Defendants sell such consumer files to potential employers wishing to investigate the criminal record history, or lack thereof, of various job applicants.

10. When Defendants furnish a consumer report for employment purposes containing public record information that is likely to have an adverse effect upon a consumer's ability to obtain employment, Defendants must contemporaneously notify the consumer of the fact that such information is being reported together with the name and address of the person who received the information.

11. Alternatively, Defendants are required to maintain strict procedures designed to insure that whenever public record information that is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

12. Defendants are also required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

13. Despite these clear and unambiguous requirements of the FCRA, Defendants neither notify consumers contemporaneously of the fact that public record information is being reported by Defendants, maintain strict procedures designed to insure that such information is complete and up to date, nor utilize reasonable procedures designed to assure maximum possible accuracy.

14. Defendants' practice not only violates the FCRA as a matter of law, it exacts serious consequences on job applicants and interstate commerce. When consumers have been

reported as having a criminal record history which they do not in fact have, they are undoubtedly viewed as less desirable job applicants and more likely to be declined employment by prospective employers that pay Defendants to issue such reports.

15. Further, consumers are prejudiced in their ability to adequately determine whether the information is being accurately reported. Pursuant to Defendants' practice, consumers are never provided with any notice that adverse information is being reported to prospective employers.

## THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

16. On March 22, 1996, Moore was charged with a felony in Angelina County Texas, Case Number CR-18774.

17. On June 3, 1996, the case was placed on deferred adjudication and Moore was given a deferred sentence and placed on probation for a period of five years with the Angelina County Community Supervision & Corrections Department.

18. Moore was released from this probation on August 4, 2004 and never received a conviction or adjudication on Case Number CR-18774. Moore is not a convicted felon.

19. On March 30, 2010, Moore sought employment with Nabors Well Services ("Nabors") and as part of the applicant screening process, Nabors engaged Defendants to provide a consumer report regarding Moore.

20. The report provided by Defendants indicates that Moore is a convicted felon, citing Angelina County District Court Case Number CR-18774.

21. Defendants did not provide contemporaneous notice to Moore that Defendants had provided adverse public record information to Nabors which would be used for employment purposes.

22. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment and under the direct supervision and control of Defendants.

23. At all times pertinent hereto, Defendants' conduct, as well as that of their agents, servants, and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal laws and the rights of Moore and the putative class members.

## CLASS ACTION ALLEGATIONS

24. Moore brings this action individually and as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All natural persons residing in the United States who were the subject of a consumer report prepared by Defendants within five (5) years prior to the filing of this Complaint and to whom Defendants did not provide notice that they were furnishing a consumer report on the persons prior to or contemporaneously with the or provision of the report.

25. Excluded from the Class are (i) any judge presiding over this action and members of their families; (ii) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers, and directors; (iii) persons who properly execute and file a timely request for exclusion from the Class; and (iv) the legal representatives, successors, or assigns of any such excluded persons.

26. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, Moore avers upon information and belief that the Class numbers in the thousands. Defendants sell criminal history record information to hundreds of employers throughout the United States, and their reports are

standardized, form documents, produced by the same practices and procedures applicable to all subjects of the reports.

27. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include (a) whether Defendants willfully violated 15 U.S.C. § 1681k by failing to notify consumers contemporaneously of the fact that criminal record information is being sent to prospective employers, and (b) whether Defendants willfully violated 15 U.S.C. § 1681k by failing to maintain strict procedures to assure that the information is complete and up to date.

28. Moore's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

29. Moore will fairly and adequately protect the interests of the Class. Moore is committed to vigorously litigate this matter. Moore has secured counsel experienced in handling consumer class actions. Neither Moore nor his counsel have any interests which might cause them not to vigorously pursue this claim.

30. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

31. Defendants have acted or refused to act on grounds generally applicable to the Class.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small as the maximum statutory damages are limited to $1,000.00 pursuant to 15 U.S.C. § 1681n. Management of the claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendants' records.

COUNT ONE - CLASS CLAIM
VIOLATION OF 15 U.S.C. § 1681K

33. Moore and the putative Class members incorporate the foregoing paragraphs as though the same were set forth at length herein.

34. Pursuant to 15 U.S.C. § 1681n, Defendants are liable for willfully violating the FCRA by engaging in the following conduct:

   a. knowingly or recklessly failing to notify consumers contemporaneously of the fact that criminal record information is being provided to prospective employers pursuant to 15 U.S.C. § 1681k(a)(1);

   b. knowingly or recklessly failing to maintain strict procedures to ensure that the information is complete and up to date pursuant to 15 U.S.C. § 1681k(a)(2);

   c. otherwise failing to comply with the FCRA.

35. Moore and putative Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

36. Moore and the putative Class members also seek punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

37. In the alternative to the allegations that these violations were willful, Moore and putative Class members allege that the violations were negligent and seek issue certification of that issue pursuant to 15 U.S.C. § 1681o and Fed. R. Civ. P. 23(c)(4).

## COUNT TWO - INDIVIDUAL CLAIM
## VIOLATION OF 15 U.S.C. § 1681E(B)

38. Moore incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. Defendants willfully violated 15 U.S.C. § 1681e(b) by failing to utilize reasonable procedures to assure the maximum possible accuracy of the consumer report sold to Nabors.

40. Alternatively, Defendants negligently violated 15 U.S.C. § 1681e(b) by failing to utilize reasonable procedures to assure the maximum possible accuracy of the consumer report sold to Nabors.

41. Moore seeks statutory, actual, and punitive damages for these violations pursuant to 15 U.S.C. § 1681n.

42. Alternatively, Moore seeks actual damages for these violations pursuant to 15 U.S.C. § 1681o.

## JURY TRIAL DEMAND

43. Moore and the putative Class members demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Moore and the putative Class members seek the following:

a. That an order be entered certifying the proposed Class under Rule 23(c)(3) of the Federal Rules of Civil Procedure and appointing Moore and his counsel to represent the Class;

b. Alternatively, that an order be entered certifying the issues raised in Count One pursuant to Rule 23(c)(4) of the Federal Rules of Civil Procedure;

c. That an order be entered declaring that Defendants' actions as described above are in violation of the FCRA;

    d. That judgment be entered awarding each Class member not less than $100.00 and not more than $1,000.00 for each statutory violation contained in Count One pursuant to 15 U.S.C. § 1681n(a);

    e. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) as alleged in Count One and Count Two;

    f. That judgment be entered against Defendants for actual damages for the violation alleged in Count Two;

    g. That the Court award costs and reasonable attorney's fees on all Counts pursuant to 15 U.S.C. § 1681n(a)(3); and

    h. That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA

By:   /s/ Dennis M. O'Toole
Dennis M. O'Toole (0003274)
Anthony R. Pecora (0069660)
Matthew A. Dooley (0081482)
5455 Detroit Road,
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
Email: dotoole@sheffieldlaw.com
apecora@sheffieldlaw.com
mdooley@sheffieldlaw.com
*Counsel for Derek Moore and the putative class*