# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| DEREK WAYNE MOORE, on behalf of himself and all others similarly situated, | : |
| Plaintiff, | : CASE NO. 1:12-cv-00792 |
| vs. | : DISTRICT JUDGE DONALD C. NUGENT |
| FIRST ADVANTAGE ENTERPRISE SCREENING CORPORATION | : MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| and | : |
| FIRST ADVANTAGE BACKGROUND SERVICES CORP., | : |
| Defendants. | : |

## DEFENDANTS' MOTION TO DISMISS WITH MEMORANDUM IN SUPPORT

Defendants First Advantage Enterprise Screening Corporation and First Advantage Background Services Corp. hereby move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1 of the United States District Court for the Northern District of Ohio to dismiss Count One of Plaintiff Derek Wayne Moore's First Amended Class Action Complaint together with Plaintiff's claims for statutory and punitive damages pursuant to 15 U.S.C. §1681n.

The grounds for this Motion are set forth in the attached Memorandum in Support.

Dated: July 16, 2012

           BUCHANAN INGERSOLL & ROONEY PC

By: /s/ Samantha L. Southall
    Samantha L. Southall, Esquire
    (admitted *pro hac vice*)
    Two Liberty Place
    50 S. 16th Street, Suite 3200
    Philadelphia, PA 19102
    Tel. (215) 665-8700
    Fax (215) 665-8760
    samantha.southall@bipc.com

    Gretchen L. Jankowski (0077537)
    301 Grant Street, 20th Floor
    Pittsburgh, PA 15219
    Tel. (412) 562-8800
    Fax (412) 562-1041
    gretchen.jankowski@bipc.com

    *Attorneys for Defendants First Advantage Enterprise Screening Corporation and First Advantage Background Services Corp.*

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants First Advantage Enterprise Screening Corporation and First Advantage Background Services Corp. (collectively, "First Advantage") respectfully submit this memorandum of points and authorities in support of their Motion to Dismiss to dismiss Count One of Plaintiff Derek Wayne Moore's ("Plaintiff") First Amended Class Action Complaint ("Amended Complaint") together with Plaintiff's claims for statutory and punitive damages pursuant to 15 U.S.C. §1681n.

## PRELIMINARY STATEMENT

In this putative class action seeking actual, statutory and punitive damages, Plaintiff asserts three claims — a class claim for a purported violation of 15 U.S.C. § 1681k; an individual claim for a purported violation of 15 U.S.C. § 1681e(b); and an individual claim for a purported violation of 15 U.S.C. § 1681i. Plaintiff alleges that First Advantage either negligently or willfully violated these provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"). Plaintiff not only fails to state a claim for violation of § 1681k, but also fails to state a claim for a willful violation of the FCRA.

In Count One, Plaintiff alleges a violation of § 1681k on behalf of a proposed class wholly inconsistent with the statute. 15 U.S.C. § 1681k requires consumer reporting agencies to provide notice to consumers of reports furnished for employment purposes that contain adverse public records information if the agency does not maintain strict procedures to ensure the accuracy of that information. Yet, Plaintiff's putative class includes persons about whom First Advantage supplied reports *that did not contain adverse public records information* and instances where First Advantage maintained strict procedures designed to insure that adverse

public records information was complete and up to date. Plaintiff also fails to allege any facts to support a claim for willful violation of § 1681k.

In Count Two, Plaintiff alleges that First Advantage willfully violated 15 U.S.C. § 1681e(b) because it did not utilize reasonable procedures to assure the maximum possible accuracy of a report about Plaintiff that First Advantage supplied to Nabors Well Services ("Nabors") in connection with an employment application. Plaintiff, however, pleads no facts to support his allegations of willfulness. Similarly, in Count Three, Plaintiff alleges that First Advantage willfully violated 15 U.S.C. § 1681i because it neither completed an investigation of Plaintiff's dispute within thirty days nor provided Plaintiff with the results of that investigation within five days of completion. Once again, Plaintiff pleads no facts supporting his allegations of willfulness.

Not only should this Court dismiss Plaintiff's class claim, it also should dismiss Plaintiff's claims alleging willful violations of the FCRA under 15 U.S.C. §1681n.

## THE AMENDED COMPLAINT'S ALLEGATIONS

Plaintiff's Amended Complaint against First Advantage asserts three causes of action under the FCRA — one on behalf of a purported class and two on behalf of himself. For each claim, Plaintiff alleges that First Advantage acted willfully, in violation of 15 U.S.C. § 1681n, or, alternatively, that First Advantage acted negligently, in violation of 15 U.S.C. § 1681o.

In Count One, which Plaintiff brings on behalf of a putative nationwide class, Plaintiff alleges that First Advantage is "liable for willfully violating the FCRA" by:

    a.    knowingly or recklessly failing to notify consumers contemporaneously of the fact that criminal record information is being provided to prospective employers pursuant to 15 U.S.C. § 1681k(a)(1);

2

> b.  knowingly or recklessly failing to maintain strict procedures to ensure that the information is complete and up to date pursuant to 15 U.S.C. § 1681k(a)(2).

(Am. Compl. ¶ 47).[1] Plaintiff defines the putative class as:

> All natural persons residing in the United States who were the subject of a consumer report prepared by Defendants for employment purposes within five (5) years prior to the filing of this Complaint and to whom Defendants did not provide notice of the fact that public record information is being reported by Defendants, together with the name and address of the person to whom such information is being reported at the time such public record information is reported to the user of such consumer report.

(Am. Compl. ¶ 37).

To support his class action claim, Plaintiff makes generalized allegations that First Advantage has supplied "thousands" of "prejudicial, misleading, and inaccurate background reports" in relation to employment applications. (Am. Compl. ¶ 1). Plaintiff alleges that First Advantage does not confirm the accuracy of the information contained in its consumer reports, does not confirm the current public records status of any adverse information and does not compile updated information. (Am. Compl. ¶¶ 27-30). Plaintiff, however, does not state any facts in support of his claim that First Advantage *willfully* violated § 1681k. Furthermore, Plaintiff proposes a broad class that encompasses consumers about whom any public records information was reported, whether or not it was adverse, as well as instances where First Advantage maintained strict procedures designed to insure that the adverse public records information was complete and up to date.

In Count Two, which is an individual claim, Plaintiff alleges that First Advantage "willfully violated 15 U.S.C. § 1681e(b) by failing to utilize reasonable procedures to assure the maximum possible accuracy of the consumer report sold to Nabors." (Am. Compl. ¶ 52). Plaintiff also alleges, in the alternative, that First Advantage "negligently violated 15 U.S.C. §

---

[1]  A copy of Plaintiff's Amended Class Action Complaint is attached hereto as Exhibit "A".

3

1681e(b) by failing to utilize reasonable procedures to assure the maximum possible accuracy of the consumer report sold to Nabors." (Am. Compl. ¶ 53). These two allegations are *identical* except for the exchange of the words "willfully" and "negligently."

Plaintiff asserts the same set of facts in support of both allegations. Plaintiff alleges that First Advantage provided a consumer report about Plaintiff to a potential employer that incorrectly classified Plaintiff as a convicted felon, causing Plaintiff "lost wages, embarrassment, shame and humiliation." (Am. Compl. ¶¶ 19-21, 54). Plaintiff asserts no facts that relate specifically to his allegation that First Advantage *willfully* violated § 1681e(b).

In Count Three, another individual claim, Plaintiff alleges that First Advantage "willfully violated 15 U.S.C. § 1681i(a)(1) by failing to resolve Plaintiff's dispute within thirty (30) days of receiving his dispute form" and "willfully violated 15 U.S.C. § 1681i(a)(6) by failing to provide written notice to Plaintiff of the results of its reinvestigation within five (5) business days after the completion of the reinvestigation." (Am. Compl. ¶¶ 57-58). Plaintiff also alleges, in the alternative, that First Advantage "negligently violated 15 U.S.C. § 1681i(a)(1) by failing to resolve Plaintiff's dispute within thirty (30) days of receiving his dispute form" and "negligently violated 15 U.S.C. § 1681i(a)(6) by failing to provide written notice to Plaintiff of the results of its reinvestigation within five (5) business days after the completion of the reinvestigation." (Am. Compl. ¶¶ 60-61). As in Count Two, Plaintiff's two allegations in Count Three are identical, but for the exchange of the words "willfully" and "negligently."

Plaintiff also relies on the same set of facts to allege both a negligent and willful violation of § 1681i. Plaintiff alleges that, exactly 30 days after receiving a dispute form from Plaintiff, First Advantage advised him that they were currently reinvestigating his dispute and requested another dispute form. (Compl. ¶ 33). Plaintiff claims he never received the results of the

4

investigation. (Compl. ¶ 34). Plaintiff asserts no facts that relate specifically to his allegation that First Advantage *willfully* violated § 1681i.

## ARGUMENT

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery." *Patterson v. Rite Aid Corp. Hdqtrs.*, 752 F. Supp. 2d 811, 814 (N.D. Ohio 2010); *see Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, accept its factual allegations as true and draw reasonable inferences in favor of plaintiff. *Patterson*, 752 F. Supp. 2d at 814; *see DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court need not accept threadbare or formulaic recitations of a cause of action's elements, supported by mere conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must be enough to raise a right to relief above a speculative level; they must be plausible, rather than conceivable. *Twombly*, 550 U.S. at 555, 570.

Here, Plaintiff asserts a class claim under 15 U.S.C. § 1681k but identifies a putative class that is at odds with the statute. Similarly, Plaintiff's claims for willful violations of the FCRA merely parrot the language of the FCRA and do not satisfy the standard under *Twombly*. Plaintiff does not plead *any facts* that evidence any willful conduct on the part of First Advantage. Rather, the few facts that Plaintiff does plead just as easily support a claim for negligence as willfulness, to the extent they support a claim at all. This Court should therefore dismiss Plaintiff's putative class claim as well as Plaintiff's claims for willful violation of the FCRA.

I.  **PLAINTIFF'S PUTATIVE CLASS CLAIM FAILS TO STATE A CLAIM UNDER 15 U.S.C. § 1681k**

Plaintiff purports to bring a class claim on behalf of those individuals to whom First Advantage "did not provide notice of the fact that public record information is being reported by Defendants, together with the name and address of the person to whom such information is being reported at the time such public record information is reported to the user of such consumer report." (Am. Compl. ¶ 37).

15 U.S.C. § 1681k sets forth the obligations of consumer reporting agencies that furnish consumer reports for employment purposes that contain items of public record "likely to have an adverse effect upon a consumer's ability to obtain employment." 15 U.S.C. § 1681k(a). For these types of reports, a consumer reporting agency must *either* "at the time such public record information is reported to the user . . . notify the consumer that it is sending such a report," *or* "maintain strict procedures designed to insure" that the public record information contained in these types of reports is "complete and up to date." *Id.* Thus, a consumer reporting agency like First Advantage *only* is required to provide notice to the consumer if it does not maintain strict procedures designed to insure that the adverse public record information is complete and up to date when the report is issued.

Plaintiff's proposed class is at odds with the claim he attempts to state. Plaintiff defines the putative class as all natural persons that were the subject of a consumer report prepared for employment purposes and did not receive notice at the time the information was reported. Yet, §1681k only requires First Advantage to provide notification to consumers if the report contains adverse public record information and if First Advantage does not "maintain strict procedures designed to insure" that the adverse public record information is "complete and up to date." 15 U.S.C. § 1681k. Plaintiff's proposed class encompasses consumers about whom any public

6

information was reported, whether or not it was adverse, as well as consumers about whom information was reported that was up to date and subject to strict procedures. Because Plaintiff seeks to state a claim on behalf of a proposed class that is too broad to obtain relief under 15 U.S.C. § 168k, this Court should dismiss Count One of the Complaint.

## II. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR A WILLFUL VIOLATION OF THE FCRA

In each Count of the Amended Complaint, Plaintiff alleges that First Advantage either "willfully" or "negligently" violated the FCRA and seeks statutory as well as punitive damages for each allegedly willful violation. Because, however, Plaintiff has pleaded no facts that could support a claim for a willful violation, this Court should dismiss the Amended Complaint to the extent that it purports to assert a claim for willful violation of the statute.

It is axiomatic that the FCRA is not a strict liability statute. *Nelski v. Trans Union, LLC*, 86 Fed. Appx. 840, 844 (6th Cir. 2004); *Dickens v. Trans Union Corp.*, 18 Fed. Appx. 315, 318 (6th Cir. 2001). Simply violating the statute is not enough to impose liability. *E.g.*, *Perl v. Plains Commerce Bank*, No. 11 Civ. 7972(KBF), 2012 WL 760401, at *2 (S.D.N.Y. Mar. 8, 2012) (stating a claim that only alleges a violation of the FCRA is legally insufficient, since the claim could plausibly be based on an innocent mistake); *Gardner v. Appleton Baseball Club, Inc.*, No. 09-C-705, 2010 WL 1368663, at *3 (E.D. Wis. Mar. 31, 2010) (dismissing an FCRA claim that had "no detail or factual basis in the complaint upon which one could reasonably infer that the violation was willful, other than the fact that the violation occurred."). Therefore, in order to state a claim under the FCRA, a plaintiff must plausibly allege that the consumer reporting agency either negligently or willfully violated a section of the statute. 15 U.S.C. §§ 1681o, 1681n.

To state a plausible claim for a willful violation under 15 U.S.C. §1681n, the plaintiff must allege facts that show the defendant knowingly and intentionally acted in conscious disregard of the rights of others. *Watson v. Citi Corp.*, No. 2:07-cv-0777, 2009 WL 161222, at *9 (S.D. Ohio Jan. 22, 2009). It is not enough for the plaintiff to simply state that the defendant's conduct was willful. *See, e.g., Perl*, 2012 WL 760401, at *3 (granting motion to dismiss claim of willfulness under FCRA because plaintiff's assertion was conclusory and lacked any factual assertions in support); *Gardner*, 2010 WL 1368663, at *5 (granting motion to dismiss claim of willfulness under FCRA because "the complaint merely 'parrots' the statutory language without providing any specific facts").

Indeed, when it comes to pleading a claim for willfulness, "[u]nder *Iqbal* and *Twombly*, there has to be something more." *Gardner*, 2010 WL 1368663, at *5. Plaintiff must at least plead facts that could not just as easily support a claim for negligence. *E.g., id.* at *6 (granting motion to dismiss claim of willfulness under FCRA because, on the facts pleaded, it was "just as reasonable" for the court to infer the violation occurred negligently, rather than willfully). For example, a plaintiff would need to allege facts that show motive or that defendant repeatedly refused to correct plaintiff's information or provide him with notice. *Gardner*, 2010 WL 1368663, at *6; *Perl*, 2012 WL 760401, at *3. If a plaintiff succeeds on a claim alleging a willful violation of the FCRA, he may be entitled to statutory or punitive damages. 15 U.S.C. § 1681n(a).

### A.    Plaintiff Has Not Stated a Claim for Willful Violation of 15 U.S.C. § 1681k.

Plaintiff attempts to assert a claim on behalf of a putative nationwide class that First Advantage has willfully violated 15 U.S.C. § 1681k because it "knowingly or recklessly fail[s] to notify consumers contemporaneously of the fact that criminal record information is being

8

provided to prospective employers pursuant to 15 U.S.C. § 1681k(a)(1)" and "knowingly or recklessly fail[s] to maintain strict procedures to ensure that the information is complete and up to date pursuant to 15 U.S.C. § 1681k(a)(2)." (Am. Compl. ¶ 47). Plaintiff seeks statutory and punitive damages for these purported willful violations pursuant to 15 U.S.C. § 1681n. (Am. Compl. ¶¶ 48-49).

Plaintiff fails to plead facts that show First Advantage knowingly or intentionally disregarded the rights of others, including Plaintiff. Plaintiff only alleges in a conclusory manner that First Advantage does not provide notice "contemporaneously" to Plaintiff or other consumers that it is providing a report to a potential employer containing adverse public record information and does not "maintain strict procedures designed to insure that such information is complete and up to date." (Compl. ¶ 13). Nothing in Plaintiff's allegations evidences any intent of First Advantage to violate the FCRA that rises above basic negligence. More is required under *Twombly*, and Count One should be dismissed.

**B.     Plaintiff Fails to State a Claim for Willful Violation of 15 U.S.C. §1681e(b).**

On behalf of himself, and himself alone, Plaintiff has brought a second claim in which he alleges that First Advantage either willfully or negligently violated 15 U.S.C. §1681e(b) because the report it prepared about Plaintiff inaccurately reported that he was a convicted felon. (Am. Compl. ¶ 20). 15 U.S.C. § 1681(e)(b) provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681(e)(b). Plaintiff alleges generally that First Advantage does not utilize reasonable procedures designed to assure maximum possible accuracy of its reports because it does not

9

confirm the accuracy or completeness of the information in its reports. (Am. Compl. ¶¶ 13, 27, 30).

Plaintiff has not pleaded any facts which could support a plausible claim that First Advantage willfully violated 15 U.S.C. § 1681e(b). Plaintiff only alleges facts that parrot the language of the FCRA and an averment that First Advantage acted "willfully." (Am. Compl. ¶ 52). Stripped of its bare legal conclusions, Plaintiff's Amended Complaint does not allege that First Advantage has any kind of pattern or practice of violating 15 U.S.C. § 1681e(b), or that it acted in any way other than negligently. Count Two of Plaintiff's Amended Complaint fails to state a claim for willfulness and the Court should dismiss this portion of Count Two as well as Plaintiff's request for statutory and punitive damages under this Count.

### C. Plaintiff Fails to State a Claim for a Willful Violation of 15 U.S.C. § 1681i

In Count Three, Plaintiff asserts another individual claim in which he alleges that First Advantage either willfully or negligently violated 15 U.S.C. §1681i because First Advantage did not resolve Plaintiff's dispute within thirty days and did not provide Plaintiff with the results of its investigation within five days of completion. (Am. Compl. ¶¶ 57-58). 15 U.S.C. § 1681i provides that, when a consumer files a dispute, a consumer reporting agency shall "conduct a reasonable investigation to determine whether the disputed information is inaccurate" and either record the status of or delete the material "before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute." 15 U.S.C. § 1681i(a)(1)(A). Furthermore, an agency "shall provide written notice to a consumer of the results of the reinvestigation . . . not later than 5 business days after the completion of the reinvestigation." 15 U.S.C. § 1681(a)(6)(A).

10

Plaintiff alleges that he filed a dispute with First Advantage on February 17, 2012. (Am. Compl. ¶ 32). Plaintiff alleges that exactly thirty days later, First Advantage informed him it was still investigating and requested that Plaintiff provide another dispute form. (Am. Compl. ¶ 33). Finally, Plaintiff alleges that he never received the results of the investigation. (Am. Compl. ¶ 34).

Once again, Plaintiff has not pleaded any facts which could support a plausible claim that First Advantage willfully violated 15 U.S.C. § 1681i. Plaintiff does not allege that First Advantage has engaged in any pattern or practice of violating 15 U.S.C. § 1681i in relation to Plaintiff. Rather, Plaintiff cites to a single incident which, without more, indicates no willful intent to violate the FCRA. Plaintiff's conclusory averment that First Advantage has acted "willfully" is not sufficient to state a claim. Accordingly, Count Three of Plaintiff's Complaint fails to state a claim for willfulness. This portion of Count Three should be dismissed as a matter of law, as well as Plaintiff's requests for statutory and punitive damages under this Count.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that this Court grant their motion and dismiss Count One of Plaintiff's Amended Class Action Complaint in its entirety, as well as Plaintiff's claims for willful violation of the Fair Credit Reporting Act in Counts Two and Three, together with his claims for statutory and punitive damages, with prejudice.

Dated:  July 16, 2012

BUCHANAN INGERSOLL & ROONEY PC

By: /s/ Samantha L. Southall
Samantha L. Southall, Esquire
(admitted *pro hac vice*)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102
Tel. (215) 665-8700
Fax (215) 665-8760
samantha.southall@bipc.com

Gretchen L. Jankowski (0077537)
301 Grant Street, 20th Floor
Pittsburgh, PA  15219
Tel. (412) 562-8800
Fax (412) 562-1041
gretchen.jankowski@bipc.com

*Attorneys for Defendants First Advantage Enterprise Screening Corporation and First Advantage Background Services Corp.*

## **DEFENDANTS' CERTIFICATION PURSUANT TO LOCAL RULE 7.1(f)**

Defendants' Memorandum of Points and Authorities in support of their Motion to Dismiss Plaintiff's Amended Class Action Complaint for Failure to State a Claim upon which Relief Can Be Granted complies with the page limits set forth by Local Rule 7.1(f) as this case has not yet been assigned to a track.

Dated: July 16, 2012

                                        BUCHANAN INGERSOLL & ROONEY PC

                                        By: /s/ Samantha L. Southall
                                                Samantha L. Southall, Esquire
                                                (admitted *pro hac vice*)
                                                Two Liberty Place
                                                50 S. 16th Street, Suite 3200
                                                Philadelphia, PA 19102
                                                Tel. (215) 665-8700
                                                Fax (215) 665-8760
                                                samantha.southall@bipc.com

                                                Gretchen L. Jankowski (0077537)
                                                301 Grant Street, 20th Floor
                                                Pittsburgh, PA 15219
                                                Tel. (412) 562-8800
                                                Fax (412) 562-1041
                                                gretchen.jankowski@bipc.com

                                                *Attorneys for Defendants First Advantage*
                                                *Enterprise Screening Corporation and First*
                                                *Advantage Background Services Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served this 16th day of July, 2012, upon counsel of record via the Court's ECF filing system.

/s/ Samantha L. Southall
Samantha L. Southall

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEREK WAYNE MOORE, on behalf of himself and all others similarly situated, | |
| Plaintiff, | CASE NO. 1:12-cv-00792 |
| vs. | DISTRICT JUDGE DONALD C. NUGENT |
| FIRST ADVANTAGE ENTERPRISE SCREENING CORPORATION | |
| and | |
| FIRST ADVANTAGE BACKGROUND SERVICES CORP., | |
| Defendants. | |

## ORDER

AND NOW, this _____ day of _____, 2012, upon consideration of Defendants' Motion to Dismiss Plaintiff's Amended Class Action Complaint for Failure to State a Claim upon which Relief Can Be Granted, their supporting Memorandum of Points and Authorities, and any response thereto, it is HEREBY ORDERED, ADJUDGED AND DECREED that the Motion is GRANTED, and it is further

ORDERED that Count One is DISMISSED in its entirety WITH PREJUDICE, and it is further

ORDERED that Plaintiff's claims for willful violations of the Fair Credit Reporting Act pursuant to 15 U.S.C. § 1681n are STRICKEN from Count Two and Count Three, and it is further

ORDERED that Plaintiff's requests for statutory and punitive damages are STRICKEN from Count Two and Count Three.

_____
Donald C. Nugent, District Judge