IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEREK WAYNE MOORE, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO.:   1:12 CV 792 |
| Plaintiffs, | ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| FIRST ADVANTAGE ENTERPRISE SCREENING CORPORATION, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on Defendants' Motion to Dismiss. (ECF #13). Plaintiff filed a Memorandum in Opposition to Defendants' Motion, and Defendants filed a Reply. (ECF #17, 19). The Court has carefully considered all of the pleadings, motions, briefing, and relevant law, and finds that Defendants' motion should be GRANTED in part and DENIED in part.

## **STANDARD OF REVIEW**

In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see also Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974. Conclusory allegations, or legal conclusions asserted in lieu of factual allegations are not sufficient. *Bishop v. Lucent Tech, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion must be

decided. In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp 971, 975 (S.D.Ohio 1993).

## **PROCEDURAL HISTORY**

The named Plaintiff filed his Complaint on March 30, 2012. (ECF #1). Defendants filed a motion to dismiss the Complaint for failure to state a claim. (ECF #7). Rather than respond to the motion to dismiss, the Plaintiff filed a First Amended Complaint adding to the allegations in an attempt to address certain of the alleged shortcomings in the original Complaint. (ECF #11). Defendants then filed a second motion to dismiss the First Amended Complaint, which is now before the Court. (ECF #13).

The Amended Complaint raises three claims: one on behalf of a defined class, and two individual claims on behalf of Mr. Moore. The purported class is defined as:

> All natural persons residing in the United States who were the subject of a consumer report prepared by Defendants for employment purposes within five (5) years prior to the filing of this Complaint and to whom Defendants did not provide notice of the fact that public record information is being reported by Defendants, together with the name and address of the person to whom such information is being reported at the time such public record information is reported to the user of such consumer report.

Count One sets forth a class claim alleging a violation of 15 U.S.C. § 1681k(a)(1) and (2), based on Defendants' knowing or reckless failure to notify consumers contemporaneously of the fact

-3-

that criminal record information is being provided to prospective employers, or to maintain strict procedures to ensure that the information is complete and up to date. Alternatively, Count One seeks to certify the class based on allegations that the failures cited above were negligent rather than willful.

Count Two alleges either a willful or negligent failure to utilize reasonable procedures to assure the maximum possible accuracy of the consumer report provided to Mr. Moore's potential employer, in violation of 15 U.S.C. § 1681e(b). Count Three is an individual claim for a willful or negligent violations of 15 U.S.C. § 1681i(a)(1) and (6) for Defendants' alleged failure to resolve Mr. Moore's dispute within thirty days of receiving his complaint, and failure to provide timely written notice to Mr. Moore of the results of its investigation.

Defendants seek to dismiss the class allegations in Count One, the claim of willful failure to utilize reasonable procedures to assure accuracy as stated in Count Two, and the claim of willful failure to resolve and/or respond to Mr. Moore's notice of dispute as alleged in Count Three. Their motion does not address the claims of negligence that are alternatively pled in Counts Two and Three of the Complaint.

## **ANALYSIS**

The Plaintiff's First Amended Complaint ("Complaint") alleges that Defendants, which are consumer reporting agencies under the Fair Credit Reporting Act ("FCRA"), inaccurately reported to a potential employer, that Mr. Moore was a convicted felon. Further, the Complaint alleges that Defendants did not "provide contemporaneous notice" to Mr. Moore that they had provided adverse public record information to the potential employer. The Complaint also makes

general allegations that Defendants, as a matter of practice, do not maintain strict procedures to ensure that the information pulled from its computers and embedded in its on-demand consumer reports is complete and up to date at the time the information is reported, and that "by the very nature of Defendants' on-demand products, it is not possible for Defendants to confirm the accuracy of information contained in a consumer report at the time it is reported. . . ." Plaintiff contends that the public records data compiled by Defendants is not updated regularly, and that the accuracy and completeness of the data it obtains from various sources is not confirmed before it is sold to employers. Finally, Plaintiff alleges that, after discovering adverse information about him had been provided by Defendants to a potential employer, he filed a dispute with the Defendants. He alleges that they did not resolve the dispute withing 30 days, but rather, on the 30th day advised him that they were "currently reinvestigating the information" and asked that he re-file his dispute. He alleges that, to date, he has never received the results of the Defendants' investigation.

The factual and general allegations set forth above are sufficient to state an individual claim under 15 U.S.C. § 1681k(a)(1) and (2), 15 U.S.C. § 1681e(b), and 15 U.S.C. § 1681i(a)(1), for both willful and/or negligent violations. Contrary to the implications in the Defendants' motion to dismiss, it is not uncommon, nor is it improper or insufficient, to rely on the same facts to allege alternative claims for willful or negligent violations of the same statute. The degree of knowledge involved in the alleged violations is a matter uniquely within the Defendants' knowledge and may not be capable of any more definite factual assertion prior to discovery. That is not to say, however, that the Complaint lacks any factual allegations to support a claim of willfulness. The Plaintiff makes several factual assertions, albeit somewhat generalized, that go

beyond a mere recitation of the elements of the alleged violation. The factual allegations are clearly sufficient to inform the Defendants of the basis for Plaintiff's claims, and Defendants do not contest that the Complaint properly asserts individual violations of the above listed statutes. The relative degree of intent is a factual question that can be better addressed after discovery is complete, either by way of a summary judgment motion, or through trial. Counts One through Three, therefore, are sufficient to state a claim at this stage of the litigation, in so far as they apply to the individual named defendant.

Conversely, the Complaint does not properly allege a claim as against the purported class defined therein. The statute at issue in the purported class action requires that a consumer reporting agency which furnishes a consumer report including public record information likely to have an adverse effect for employment purposes must either:

(1) notify the consumer of the fact that the public record information is being reported by the agency (along with the name and address of the entity obtaining the report), at the time such information is reported to the user; OR

(2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

The class defined in the Complaint includes all natural persons who were the subject of a consumer report prepared by Defendants. It is not limited to consumers who were the subject of reports including public information that was likely to have an adverse effect for employment purposes. The statute does not require, as the class definition would seem to infer, that Defendants must notify a consumer whenever they report public information about that

consumer. Because this is the criteria used to define the class, and, set the parameters for the class allegations, the Complaint fails to state a class claim upon which relief may be granted.

## **CONCLUSION**

For all of the reasons set forth above, Defendants' motion to dismiss is granted in part and denied in part. The class allegations in Count One are to be dismissed for failure to state a claim. The individual claims for willful and negligent violations of 15 U.S.C. § 1681k(a)(1) and (2), 15 U.S.C. § 1681e(b), and 15 U.S.C. § 1681i(a)(1) remain pending. IT IS SO ORDERED.

        /s/ Donald C. Nugent
        DONALD C. NUGENT
        United States District Judge

DATED:   September 24, 2012