FILED

2014 MAR 25  PH 2: 13

U.S. DISTRICT
NORTHERN DISTRICT
CLEVELAND

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

DEREK WAYNE MOORE,                )       CASE NO. 1:12 CV 00792
on behalf of himself              )
and others similarly situated,    )       JUDGE DONALD C. NUGENT
                                  )
            Plaintiff,            )       MEMORANDUM OPINION
                                  )       AND ORDER
      v.                          )
                                  )
                                  )
FIRST ADVANTAGE ENTERPRISE        )
SCREENING CORPORATION,            )
                                  )
            and                   )
                                  )
FIRST ADVANTAGE BACKGROUND        )
SERVICES CORPORATION,             )
                                  )
            Defendants.           )


        This matter comes before the Court upon Defendants First Advantage Enterprise Screening

Corporation and First Advantage Background Services Corporation's Bill of Costs, filed on May 31,

2013.  (ECF #47).  Defendants ultimately prevailed in this case and now seek to tax costs in the

amount of $4,584.98[1].  Defendants do so pursuant to 28 U.S.C. § 1920 and Rule 54(d)(1) of the

Federal Rules of Civil Procedure.  Plaintiff Derek Wayne Moore opposes Defendants' claim for

costs and fees and asks this Court to deny Defendants' Bill of Costs.  (ECF #48).  Alternatively,

---

[1]     Defendants originally sought $4,684.98, including $100 in *pro hac vice* fees, but
        later withdrew their request for those fees and reduced their request to $4,584.98.
        (ECF #49).

Plaintiff Moore requests that this Court reduce Defendants' Bill of Costs by the amount of $2,312.73. For the reasons that follow, and despite Plaintiff Moore's objections, Defendants' Bill of Costs is hereby GRANTED.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs other than attorneys' fees "shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). The Rule creates a presumption in favor of awarding costs, but allows for the denial of costs at the trial court's discretion. *See Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (internal citations omitted). It is thus incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party. *See Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959).

In *White & White, Inc., v. Am. Hosp. Supply Corp.*, 786 F.2d 728 (6th Cir. 1986), the Sixth Circuit Court of Appeals described circumstances in which a denial of costs would be an appropriate exercise of a trial court's discretion. This included cases where: (1) taxable expenditures by the prevailing party are "unnecessary or unreasonably large"; (2) the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues; (3) the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant; and (4) the case is "close and difficult." *See White & White*, 786 F.2d at 730. Following a thorough review of both parties' submissions, this Court determines that Plaintiff Moore has failed to demonstrate any of the above circumstances. As such, the Court will not exercise its discretion to overcome the longstanding presumption in favor of awarding costs to the prevailing party (here, Defendants).

28 U.S.C. § 1920 outlines the costs to which a prevailing party is entitled, such as:

-2-

- Fees of the clerk and marshal;
- Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
- Fees and disbursements for printing and witnesses;
- Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
- Docket fees under [§] 1923 of this title; and
- Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [§] 1828 of this title.

Defendants here put forth their Bill of Costs by completing and submitting to this Court a form permitting the party seeking costs to outline specific amounts under several categories. (ECF #47). Defendants also include a declaration, signed by counsel, indicating that Defendants' Bill of Costs is true and correct. (ECF #47-1). In support of their Bill of Costs, Defendants further provide exhibits appearing to be invoices of services rendered and fees paid. (ECF #47-2 through 47-5).

Turning to Defendants' specific requests for costs in the instant case, the Court finds them to be eminently reasonable: (1) Service of Subpoena, for $260.00; (2) Fees for Printed or Electronically Recorded Transcripts, for $3,845.63; (3) Printing and Copying Fees, for $459.35; and (4) Docket Fees under 28 U.S.C. § 1923, for $20.00. (ECF #49). The total requested amount is $4,584.98, a sum appropriate and in line with past practice. Indeed, the Court has routinely awarded costs exponentially greater than those requested here. Further, Plaintiff has neglected to provide any justification for his objections, stating only that the "discretion of districts judge [sic] to tax costs should be sparingly exercised ..." and that "many of Defendants' costs are simply unrecoverable and unreasonable." (ECF #48). Although Plaintiff objects to *pro hac vice* fees as unrecoverable under 28 U.S.C. § 1920, Defendants have since withdrawn their request for *pro hac vice* fees totaling $100 (as this Court previously notes). Because Plaintiff has not persuaded this Court to exercise its discretion to deny an award of costs, Defendants' Bill of Costs is hereby GRANTED.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: _March 25, 2014_

-4-

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DEREK WAYNE MOORE,<br>on behalf of himself<br>and others similarly situated, | ) ) ) | CASE NO. 1:12 CV 00792 |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) ) | |
| | ) | <u>JUDGMENT ORDER</u> |
| v. | ) ) | |
| | ) | |
| FIRST ADVANTAGE ENTERPRISE<br>SCREENING CORPORATION, | ) ) ) | |
| and | ) ) | |
| FIRST ADVANTAGE BACKGROUND<br>SERVICES CORPORATION, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

For the reasons set forth in the Court's Memorandum Opinion and Order, Defendants' Bill

of Costs – pursuant to 28 U.S.C. § 1920 and Rule 54(d)(1) of the Federal Rules of Civil Procedure,

and in the amount of $4,584.98 – is hereby GRANTED.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: _March 25, 2014_